JOSIAS N. ROGERS and Another v. FRANCIS V. HEYDERSTAEDT.[1]

June 19, 1896.

Nos. 10,036—(274).

**City of St. Paul—Local Assessment—Collection.**

Sp. Laws 1891, c. 12, § 5, does not require the city treasurer, when making his report to the district court, and demanding judgment for unpaid special assessments, to file the original assessment warrants in court.

Appeal by plaintiffs from a judgment of the district court for Ramsey county, adjudging the validity of a certificate of sale held by defendant, entered in pursuance of the findings and order of Brill, J. Affirmed.

*S. L. Pierce,* for appellants.

*Edward J. Darragh* and *Hermon W. Phillips,* for respondent.

MITCHELL, J. This action was brought to determine an adverse claim to real estate. The claim which the defendant set up in his answer was a certificate of sale under a judgment of the district court for an unpaid special assessment on the property by the board of public works of the city of St. Paul for grading a street.

The only objection urged by the plaintiffs to the proceedings which culminated in the judgment and subsequent sale is that the city treasurer, in his report pursuant to Sp. Laws 1891, c. 12, § 5,[2] did not file with his report, and as a part of it, the original warrant for the collection of the assessment. The language of the section is that "it shall be the duty of the city treasurer immediately after the expiration of the thirty days * * * to report to the district court * * * all assessment warrants for the collection of any assessments under the provisions of this chapter which have been delivered to him, and then and there ask for judgment against the several lots and parcels of land described in such warrants for the amounts of assessment," etc.

We are not prepared to concede, even if the statute required the original warrants to be filed in court, that the failure to do so would

go to the jurisdiction of the court, or be anything more than an irregularity. But we are of the opinion that the statute neither requires nor contemplates that the warrants shall be filed with the court. The "report" of the city treasurer is in the nature of a complaint demanding judgment against the property for the amount of the assessment, and of course should state what warrants he has in his hands, describing them, and stating the amount of the assessments therein that are unpaid. As suggested by the trial judge, the original warrants can be produced in evidence in support of the demand for judgment. There would seem to be no good reason why the warrants themselves should be filed in court. If so filed, they would have to permanently remain there; and in case any one would want to pay an assessment after the treasurer had made his report, and before judgment, the city treasurer would have nothing in his hands to show his authority to collect.

Judgment affirmed.